UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THEODORE JACKSON,

                Petitioner,

  -against-                                      9:04-CV-1096
                                                      (LEK/GHL)

MICHAEL RABIDEAU,

                Respondent.

**DECISION AND ORDER**

**I.    Background**

Petitioner Theodore Jackson ("Petitioner") filed his *pro se* Petition for habeas corpus in this matter, pursuant to, *inter alia*, 28 U.S.C. § 2254, on September 21, 2004. See Petition (Dkt. No. 1). After receiving an extension, Respondent filed a Response on May 12, 2005. See Response (Dkt. No. 14). Thereafter, Petitioner filed a Traverse on June 13, 2005. See Traverse (Dkt. No. 15). In this Court's Order directing Defendant to respond to Petitioner's amended Petition, the Court warned: "**Petitioner is also required to promptly notify the Clerk's Office and counsel for the respondent of any change in his address; his failure to do so will result in the dismissal of this action.**" October 2004 Order (Dkt. No. 5) at 2 (emphasis in original).

Petitioner's last known address was at the Groveland Correctional Facility. That is the address currently listed on the Docket sheet for this case. However, on February 15, 2007, a Court Notice was filed informing the parties of the availability of the option to consent to the jurisdiction of the assigned United States Magistrate Judge for all further proceedings. See Court Notice (Dkt.

1

No. 16). The copy of the Notice that was mailed to Petitioner, however, was returned as undeliverable, with a notation on the envelope that Petitioner had moved and not left a forwarding address. See Dkt. No. 19.

In addition, upon a search of the Inmate Information Database maintained by the New York State Department of Correctional Services - using Plaintiff's Department ID Number 97-B-2097 - the Court has determined that Plaintiff was discharged on December 1, 2006. See N.Y.S. DOCS Inmate Population Information Search website *at* http://nysdocslookup.docs.state.ny.us/kinqw00 (last visited Mar. 13, 2007).

## II.    Discussion

Both attorneys and *pro se* litigants are required to immediately notify the Court and their adversaries of any change in their address or contact information. See N.D.N.Y.L.R. 10.1(b)(2). "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b). United States Courts are vested with broad discretion to impose sanctions for non-compliance with court orders, and those sanctions can include the severe sanction of dismissing a case. See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC, No. 01 Civ. 6600(RLC), 2005 WL 3370542, at *1 (S.D.N.Y. Dec. 12, 2005) ("Moreover, the court has the inherent authority to dismiss a case when a party disobeys any of its orders.") (citing Chambers v. Nasco, Inc., 501 U.S. 32, 45 (1991)). Southridge addressed discovery orders, but there is also no difference for non-compliance with any other court order. See Dumpson v. Goord, No. 00-CV-6039 CJS, 2004 WL 1638183 (W.D.N.Y. Jul. 22, 2004) (Court ordered one of the plaintiffs to provide address where he could be reached; plaintiff failed to comply; plaintiff was

dismissed from the case).  Pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* a court may sua sponte dismiss a plaintiff's action for "failure... to comply with these rules or any order of court".  FED. R. CIV. P. 41(b); see also Dumpson, 2004 WL 1638183, at *2 ("a court may *sua sponte* dismiss a plaintiff's action for failure to comply with an order of the court . . . Such decisions are committed to the Court's sound discretion. . . . *Pro se* plaintiffs are entitled to a degree of leniency, but this should not extend to the disregard of a judge's plain directives.") (citing, *inter alia*, Costello v. United States, 365 U.S. 265, 286-87 (1961); Lucas v. Miles, 84 F.3d 532, 538 (2d Cir. 1996)).

Petitioner has failed to update his address as he is required to by Northern District Local Rule 10.1(b)(2).  Moreover, Petitioner has failed to update his address as required by this Court's Order.  Petitioner is proceeding *pro se* and should be granted special lenience with regards to his compliance with procedural rules.  See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).  However, his failure to update his address is no small matter.  As then-District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Facility Staff, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); see, generally, N.D.N.Y. L.R. 41.2(b).

The Second Circuit in LeSane held that:

"this court has repeatedly detailed factors... to be considered before dismissal for failure to

comply with a court order, and these factors significantly cabin a district court's discretion under Rule 41(b), so that deference is due to the district court's decision to dismiss a *pro se* litigant's complaint only when the circumstances are sufficiently extreme. . . . Specifically, a district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane, 239 F.3d at 209 (internal quotations omitted).

This Court has evaluated the factors as set forth by the Second Circuit. Petitioner has known for years that he must promptly update his address whenever it changes, or risk having the action dismissed by this Court. There have been no filings in this matter since June, 2005 and Petitioner was discharged from Groveland Correctional Facility several months ago and has yet to update his address. By failing to update his address, Petitioner has failed to comply with this Court's Order and Local Rule 10.1(b)(2) and has frustrated this Court's ability to contact him. The Court finds that it would be futile to make any further attempts to contact Petitioner. See, generally, Bottom v. Cooper, No. 03-CV-6493L, 2005 WL 2496052 (W.D.N.Y. Oct. 7, 2005).

Given the law and factors discussed above, Petitioner's failures in this matter warrant the imposition of the sanction of dismissal.[1]

---

[1] According to the Inmate Information Database maintained by the New York State Department of Correctional Services ("DOCS"), Petitioner was released on his maximum expiration date. See N.Y.S. DOCS Inmate Population Information Search website *at* http://nysdocslookup.docs.state.ny.us/kinqw00 (last visited Mar. 13, 2007). The DOCS website explains that "[u]pon reaching the maximum expiration date, the individual's legal obligation to serve a custodial sentence or period of parole supervision ends." N.Y.S. DOCS website *at* http://www.docs.state.ny.us/univinq/fpmsdoc.htm#ME (last visited Mar. 13, 2007). As a result, Petitioner is no longer under any type of state custody or supervision. A habeas petition challenging a criminal conviction may be rendered moot by a release from imprisonment. See Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002). However, the Petition before the Court is only moot "'if it is

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Petitioner's Petition for habeas corpus (Dkt. No. 1) is **DISMISSED** due to Petitioner's failure to update his address as required by this District's Local Rules and a prior Order of this Court. The Clerk of the Court shall **CLOSE Case Number 9:04-CV-1096 (LEK/GHL)**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   March 22, 2007
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction.'" Id. (quoting Sibron v. New York, 392 U.S. 40, 57 (1968)). Without further briefing, the Court cannot determine if Petitioner is still subject to any collateral consequences arising from his conviction. Therefore, the Court cannot, and need not, determine whether the Petition is moot and, as discussed above, dismisses the Petition on other grounds.